IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND, and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and LABORERS' DISTRICT COUNCIL RETIREE HEALTH AND WELFARE FUND, CATHERINE WENSKUS, not individually but as Administrator of the Funds, ) ) ) ) ) ) ) ) ) ) ) ) |  |
| Plaintiffs, ) | Case No. 19-cv-7529 |
| ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| DINATALE CONSTRUCTION INC., an Illinois corporation; NINETTA INC., an Illinois corporation; AMATORE DINATALE, individually; and CARMELA MARSICO, individually, ) ) ) ) ) ) ) |  |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Laborers' Pension Fund, Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, the Laborers' District Council Retiree Health and Welfare Fund, and Catherine Wenskus, Administrator of the Funds, filed this action against Dinatale Construction, Inc., Ninetta, Inc., Amatore Dinatale, and Carmela Marsico under Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(e)(1) and (2) and 1145, and Section 301(a) of the Labor Management Relations Act of 1947 as amended, 29 U.S.C. § 185(a). Plaintiffs also assert fraud claims against the individual defendants. This matter is before the Court on Marsico's motion to dismiss the fraud claim against her pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, Marsico's motion is granted.

**Background**

The following facts are taken from the complaint and accepted as true for purposes of this motion. Laborers' Pension Fund, Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, and the Chicago Laborers' District Council Retiree Health and Welfare Fund (the "Funds") are multi-employer benefit plans within the meanings of ERISA §§ 3(3) and 3(37). Wenskus has been authorized to act on the Funds' behalf in the collection of employer contributions and in collecting union dues that are supposed to be transmitted to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). Dinatale Construction, Inc. (the "Company") and Ninetta, Inc. ("Ninetta") are both Illinois corporations. Amatore Dinatale was an officer, shareholder, and manager of the Company. Marsico, Dinatale's sister, was an officer and shareholder of Ninetta, and was also employed by the Company.

The Company and the Union were parties to a collective bargaining agreement (the "CBA"), which obligated the Company to (1) make contributions on behalf of its employees for pension, health, and welfare benefits, and for the training fund, (2) submit monthly remittance reports identifying CBA-covered employees and the amount of contributions to be remitted to the Funds on behalf of those employees, and (3) submit to an audit on demand in order to determine contribution compliance. Plaintiffs allege the Company knew of individuals who were performing CBA-covered work but were not being paid proper wages and were not having the appropriate benefit contributions reported and submitted on their behalf to the Funds.

According to plaintiffs, Ninetta, which did not independently execute a collective bargaining agreement with the Union, served as a vehicle through which the Company avoided its CBA obligations. To do so, the Company paid its laborer employees through Ninetta and/or subcontracted the laborers' work to Ninetta. Though being paid by Ninetta, the laborers reported

2

to and took direction from Dinatale and the Company's foremen, and employee hours were tracked by the Company's foreman and reported to Dinatale. Under this "scheme," neither the Company nor Ninetta made fringe benefit and union dues contributions for this work.

Plaintiffs bring ERISA claims against the Company for failure to submit to an audit to determine employee benefit contributions and dues contributions compliance (Counts I and II), a claim against Ninetta pursuant to alter ego and/or single employer liability theories (Count III), and common-law fraud claims against Dinatale (Count IV) and Marsico (Count V). Marsico has moved to dismiss the fraud claim against her under Rule 12(b)(6).

**Legal Standard**

In considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, a plaintiff must "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In addition, Federal Rule of Civil Procedure 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

**Discussion**

According to plaintiffs, Marsico knowingly participated in Dinatale's scheme to defraud the Funds by serving as Ninetta's "figurehead," which she knew was being used as a vehicle to evade obligations under the CBA. The complaint alleges that in the event a Company laborer worked over forty hours in a given week, overtime hours would be paid through Ninetta, and Marsico would pay

3

these hours at straight time instead of the overtime rate set forth in the CBA. She knew that the laborers were performing CBA-covered work, that they were not being paid the proper wages, and that fringe benefits were not being submitted on their behalf. Plaintiffs allege that by participating in the scheme, Marsico allowed the Company to continue to operate and she obtained a direct financial gain from the submission of false reports to the Funds.

Marsico argues that plaintiffs have failed to allege that she made a knowingly false statement of material fact which induced the Funds to act. She specifically argues that plaintiffs have not put forth allegations of a specific misrepresentation she made to anyone. Plaintiffs contend that material omissions or other actions or inactions may serve as a basis for a fraud claim and that Marsico's fraudulent act was using Ninetta to conceal payroll hours of the Company's laborer employees. In addition, plaintiffs state that although it was Dinatale who submitted the false reports to the Funds, Marsico was an active and knowing participant in the scheme to "defraud" the Funds of fringe benefit and union dues contributions.

To plead common-law fraud under Illinois law, plaintiffs must allege: "(1) a false statement of material fact; (2) known or believed to be false by the person making it; (3) an intent to induce the plaintiff to act; (4) action by the plaintiff in justifiable reliance on the truth of the statement; and (5) damage to the plaintiff resulting from such reliance." *Laborers' Pension Fund v. Lake City Janitorial, Inc.*, 758 F. Supp. 2d 607, 618 (N.D. Ill. 2010) (quoting *Doe v. Dilling*, 888 N.E.2d 24, 35-36 (Ill. 2008)). Rule 9(b) specifically requires alleging with particularity: "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Blankenship v. Pushpin Holdings, LLC*, Case No. 14 C 6636, 2015 WL 5895416, at *7 (N.D. Ill. Oct. 6, 2015) (St. Eve, J.) This means that the plaintiff must plead the who, what, when, where, and how of the fraud. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018).

4

Although plaintiffs broadly allege a fraud claim against Marsico, their present allegations that she knowingly participated in Dinatale's scheme are insufficient to state a claim under Illinois law and under Rule 9(b). The fraud allegations as to Marsico's conduct describe her general actions in serving as a "figurehead" of Ninetta, paying overtime hours at straight time rates, and working in concert with the Company and Dinatale. However, plaintiffs do not allege what specific false statements Marsico made to anyone, let alone when, how, or to whom any such misrepresentations were made. Though plaintiffs allege that the Company submitted false benefits and dues reports to the Funds, they only allege that Dinatale, not Marsico, submitted or directed the submission of those reports. Plaintiffs have not pleaded the "who, what, when, where, and how" of the alleged fraud on Marsico's part. *Lusby*, 570 F.3d at 853.

In sum, plaintiffs' allegations against Marsico do not explain her role in the alleged fraud with the requisite specificity to survive a motion to dismiss. The fraud claim against Marsico must be dismissed. On a final note, even if plaintiffs' claim was one for fraudulent concealment, as they seem to suggest in their response brief, such a claim also fails because it has not been pleaded with the particularity required by Rule 9(b). *See Squires-Cannon v. Forest Preserve Dist. of Cook Cty.*, 897 F.3d 797, 805 (7th Cir. 2018).

**Conclusion**

Accordingly, the Court grants Marsico's Rule 12(b)(6) motion to dismiss Count V of the complaint [16], without prejudice. Plaintiffs are given 21 days from the entry of this order to file an amended complaint against Marsico if they believe they can do so consistent with Rule 9(b).

**IT IS SO ORDERED.**

Date: 9/16/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

5